[Docket Nos. 45, 46, 47, 49.]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

UNITED STATES OF AMERICA,

v.

NAEEM SADLER,

Defendant.

Crim. No. 19-786 (RMB)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge:**

Defendant Naeem Sadler moves for a sentence reduction under 18 U.S.C. § 3582(c)(2). [Docket Nos. 46, 47, 49[1,2].] Sadler argues that he is entitled to a sentence reduction based on a new amendment to the United States Sentencing Guidelines. According to him, the Sentencing Commission amended U.S.S.G. § 4A1.2(d)(2)—the guideline on how to calculate a defendant's criminal history points based on prior juvenile sentences. Sadler claims that under the new amendment, he would receive fewer criminal history points, which in turn, would lower his criminal history category and, as such, he would be entitled to a lower sentencing range. Sadler adds that Amendment 821 on "status points" would also lower his sentencing range.

The Government opposes Sadler's motion, arguing the guideline on prior juvenile sentences has never changed. And the Government asserts that Amendment 821 does not lower Sadler's sentencing range. Thus, Sadler is not entitled to a sentence reduction.

---

[1] Sadler has filed three identical motions for a sentence reduction.
[2] Sadler also moves for the appointment of counsel in connection with his motion for a sentence reduction. [Docket No. 45.]

The Court agrees with the Government.  First, the Sentencing Commission has not made substantive changes to U.S.S.G. § 4A1.2(d)(2), and Sadler's calculation of his criminal history points based on his juvenile sentences is wrong.  Second, Amendment 821 does not lower Sadler's sentencing range given his criminal history points.  And even if Amendment 821 did, this Court cannot lower Sadler's sentence because his sentence is lower than a sentence in the amended guideline range.   So, the Court denies Sadler's motion.

## I.  BACKGROUND

### A. Sadler's Plea and Sentencing

By eighteen years old, Sadler had racked up several juvenile adjudications and adult convictions for a host of crimes.  [PSR ¶¶ 118-26 (Docket No. 39).]  Despite his probationary sentences and confinement on some of his juvenile sentences, Sadler joined a drug-trafficking organization that peddled large amounts of heroin, fentanyl, cocaine, and crack cocaine throughout Camden, New Jersey.  [*Id.* ¶¶ 41, 67-69.]  From January 2018 to November 2018, Sadler was a "set worker" for that organization, selling heroin on the streets of Camden.  [*Id.* ¶¶ 67-69; *see also* Stipulations ¶ 1 (Docket No. 43).]

Law enforcement officers arrested Sadler and his cohorts, and the Government charged him with conspiracy to distribute and possess with the intent to distribute heroin, fentanyl, cocaine, and cocaine base.  [Docket No. 1.] He eventually pled guilty to an Information charging him with conspiracy to distribute and possess with intent to distribute heroin within a school zone, contrary to 21 U.S.C. §§ 841(a)(1), 860, and 841(b)(1)(C), in violation of 21 U.S.C. § 846.  [Docket Nos. 30, 32, 36.]

In his Presentence Report, the United States Probation Office gave Sadler a criminal history score of 12 based on his prior convictions. [PSR ¶¶ 127-29.] Relevant here, Probation reviewed Sadler's juvenile adjudications and assigned the following points:

- One Point for a 2013 New Jersey State Receiving Stolen Property adjudication that resulted in a probationary sentence, *id.* ¶ 118;

- One Point for a 2014 New Jersey State Joyriding adjudication that resulted in a probationary sentence, *id.* ¶ 119;

- One Point for a 2014 New Jersey State Resisting Arrest and Eluding adjudication that resulted in a probationary sentence, *id.* ¶ 120;

- Two Points for a 2015 New Jersey State Robbery adjudication that resulted in a sentence of confinement for 18 months, *id.* ¶ 121;

- Two Points for a 2016 New Jersey State Receiving Stolen Property adjudication that resulted in a sentence of confinement for 82 months, *id.* ¶ 122;

- Two Points for a 2016 New Jersey State Possession of Weapons adjudication that resulted in a sentence of confinement for 6 months, *id.* ¶ 123; and

- Two Points for a 2016 New Jersey State Obstruction of Law adjudication that resulted in a sentence of confinement for 12 months, *id.* ¶ 124.

On top of his juvenile adjudications, Sadler had two adult convictions, each earning him one criminal history point: a 2018 New Jersey State Possession of a Controlled Dangerous Substance conviction that resulted in a probationary sentence, *id.* ¶ 125, and a 2018 New Jersey State Contempt conviction that resulted in a probationary sentence, *id.* ¶ 126. In its calculation, Probation counted a maximum of four criminal history points under U.S.S.G. § 4A1.1(c) for Sadler's sentences that earned him only one criminal history point. [*Id.* ¶ 127.] Because Sadler committed the federal drug offense that he pled guilty to while on probation for those New Jersey state convictions, Probation added two criminal history points— so-called "status points"—pursuant to then-U.S.S.G. § 4A1.1(d), *see* PSR ¶ 128, which has been amended and recodified at U.S.S.G. § 4A1.1(e). *See* U.S.S.G. Supp. App. C., Amend.

3

821.  In total, Probation assigned Sadler fourteen criminal history points, which placed him in Criminal History Category VI.  [PSR ¶ 129.]

At sentencing, however, the parties addressed whether Sadler's 2018 New Jersey State Possession of a Controlled Dangerous Substance conviction qualified as a prior conviction to earn a criminal history point.  [Tr.  3:23 to 13:1 (Docket No. 44).]  The Court found, and all parties agreed, that the 2018 New Jersey State Possession of a Controlled Dangerous Substance conviction should not earn a criminal history point because it was part of the drug offense that Sadler pled guilty to.  [*Id.*]  The Court found that Sadler's presentence report should reflect zero for that conviction.  [*Id.* at 12:12 to 13.]   But the Court noted that even if the Court zeroed out that conviction, another criminal history point would come back into the calculation given that Sadler had an extra criminal history point that was not included under U.S.S.G. § 4A1.1(c).  [*Id.* at 12:6 to 11.]

Ultimately, the Court found, and the parties agreed, that discounting his 2018 New Jersey State Possession of a Controlled Dangerous Substance conviction would not change the outcome because Sadler still had enough criminal history points to place him in Category VI.  [*Id.* at 12:12 to 13:1.]  Given the offense level and Sadler's criminal history category, the Sentencing Guidelines placed his sentencing range between 188 and 235 months.  [*Id.* at 13:5 to 15.]  After weighing the 18 U.S.C. § 3553(a) factors, the Court ultimately varied the offense level down four levels, sentencing Sadler to 130 months imprisonment with a six-year term of supervised release.  [*Id.* at 57:21 to 58:14; Docket No. 42.]

### B.  Sadler's Motion for a Sentence Reduction

Sadler argues he is entitled to a sentence reduction based on an unidentified amendment to U.S.S.G. § 4A1.2(d)(2) that became effective on "November 1, 2024."  [Sadler

4

Letter Mot. for a Sentence Reduction (Docket Nos. 46-47).]    According to Sadler, that amendment changes the criminal history point calculation for juvenile sentences. [*Id.*] Sadler contends under that amendment, he no longer would receive two criminal history points for his juvenile sentences, but only one point for each sentence. [*Id.*]    Based on Sadler's calculation, his criminal history points would be nine under the new amendment.  [*Id.*] This Court has reviewed the Sentencing Guidelines and the amendments that became effective on November 1, 2024.   The only amendment that addresses U.S.S.G. § 4A1.2(d)(2) is Amendment 831.

The Government opposes Sadler's motion, arguing the Sentencing Commission has not made substantive changes to U.S.S.G. § 4A1.2(d)(2).  [Gov't Opp'n Br. to Def. Mot. 2-3 (Gov't Opp'n Br.) (Docket No. 52).]   The Government asserts that U.S.S.G. § 4A1.2(d)(2) has not changed since Sadler's sentencing, and his criminal history points calculation based on his prior juvenile sentences is correct.  [*Id.* at 3.]  The Government also contends that Sadler never objected at sentencing to the calculation of his criminal history points based on his prior juvenile sentences.  [*Id.*]  That aside, the Government asserts the § 3553(a) factors that this Court must consider do not support a sentence reduction.  [*Id.* at 4-5.]

In a footnote, though, the Government asserts that Amendment 821 on status points applies to Sadler.  [*Id.* at 3 n.1.]  The Government acknowledges that Sadler received two additional criminal history points for committing his federal drug charge while on probation for a New Jersey state conviction.  [*Id.*]  Under Amendment 821, which applies retroactively, Sadler would only receive one additional criminal history point.  [*Id.*]  Still, the Government contends Sadler is not entitled to a sentence reduction.  [*Id.*]  Even applying Amendment 821,

the Government argues that Sadler would have thirteen criminal history points, which still places him in Criminal History Category VI.  [*Id.*]

Sadler concedes that his reading of U.S.S.G. § 4A1.2(d)(2) is wrong.  [Sadler Reply in Supp. of Mot. for Sentence Reduction 2 (Sadler Reply Br.) (Docket No. 55).]  Yet Sadler "believes that some of his previous incarcerations were less than 60 days[,]" and as such, those juvenile sentences should have only received one point each under U.S.S.G. § 4A1.2(d)(2). [*Id.*]

Turning to Amendment 821, Sadler argues that the amendment lowers his criminal history points.  [*Id.*]  Sadler contends that Amendment 821, coupled with the fact that he should have received only one point for each of his juvenile sentences, supports a sentence reduction.  [*Id.*]

Lastly, Sadler asserts the § 3553(a) factors weigh in his favor.  [*Id.* at 4-5.]  Sadler contends his post-incarceration rehabilitative efforts support his request for a sentence reduction.  [*Id.*]  Sadler has no disciplinary infractions and maintains a job in prison.  [*Id.*]

## II. DISCUSSION

18 U.S.C. § 3582(c)(2) allows courts to reduce a defendant's sentence where the defendant was "sentenced to a term of imprisonment based on a sentencing range" that the Sentencing Commission later lowered.  A court may grant a sentence reduction under § 3582(c)(2) only (1) if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (2) "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).  This statute creates a "two-step inquiry[.]" *Dillon v. United States*, 560 U.S. 817, 826 (2010).

First, courts must determine whether a sentence reduction "is consistent with § 1B1.10." *Id.* This requires courts to "'determine[] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). "In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). In other words, only those amendments that the Sentencing Commission has made retroactive. *See United States v. Prophet*, 989 F.3d 231, 238 (3d Cir. 2021) (explaining "the Commission's list of retroactive amendments in § 1B1.10(d) is only relevant when a defendant brings a motion for a resentencing under § 3582(c)(2) 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'" (quoting 18 U.S.C. § 3582(c)(2))); *see also United States v. Green*, 2025 WL 1220954, at *5 (D. Del. Apr. 28, 2025) ("Section 1B1.10(d) of the Guidelines lists the amendments that the Commission has made retroactive."). Second, if a sentence reduction is consistent with § 1B1.10, courts "may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826. Even if a sentence reduction is appropriate, courts cannot reduce the sentence below the minimum sentence allowed by the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

## A. Amendment 831

For starters, Sadler's arguments about the so-called amendment to the Sentencing Guidelines on criminal history points for prior juvenile sentences fail twice over.

First, since Sadler's sentencing, the Sentencing Commission has not made substantive amendments to U.S.S.G. § 4A1.2(d)(2) on calculating criminal history points for prior juvenile sentences.  In 2024, through Amendment 831, the Sentencing Commission made "technical, stylistic, and other non-substantive changes to the Guidelines Manual[,]" including stylistic changes to § 4A1.2(d)(2).  U.S.S.G. Supp. App. C., Amend. 831.  So, § 4A1.2(d)(2) is substantively the same today as it was at Sadler's sentencing.

At any rate, the Court has reviewed Sadler's prior juvenile adjudications, and the criminal history point calculation that Sadler complains about is correct.  Indeed, under § 4A1.2(d)(2), a defendant receives two criminal history points for each juvenile sentence "to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense."   Sadler committed his federal drug offense in 2018.  [Docket No. 30.]  Sadler had several juvenile sentences of confinement for more than 60 days, with the earliest in 2015.  [PSR ¶¶ 121-24.]  Those sentences were imposed in 2015 and 2016.  And Sadler was released from confinement on those sentences within five years before committing his federal drug offense.  [*Id.*]  Therefore, § 4A1.2(d)(2) required Sadler to receive two criminal history points for each sentence.[3]

Second, Amendment 831 is not listed in § 1B1.10(d).  Thus, Amendment 831 cannot support a sentence reduction under 18 U.S.C. § 3582(c)(2).  *See Green*, 2025 WL 1220954, at *5 (denying motion for sentence reduction, finding amendment that defendant relied on for a sentence reduction was not retroactive since it was not listed in § 1B1.10(d)).  The Court, therefore, denies Sadler's motion for a sentence reduction.

---

[3] At sentencing, Sadler never objected to Probation's calculation of his criminal history points based on his juvenile sentences.  [Tr. 3:9 to 16, 13:5 to 15; *see also* Gov't Opp'n Br. at 3, Ex. 1.]  And Sadler offers no evidence to support his claim that his prior juvenile sentences to confinement were less than sixty days.

### B. Amendment 821

Through Amendment 821, the Sentencing Commission changed the calculation of "status points"—points added if the defendant committed the offense of conviction while under another sentence—on a defendant's criminal history score. U.S.S.G. Supp. App. C., Amend. 821. Part A of the Amendment eliminated status points for defendants with six or fewer criminal history points and reduced the number of status points that may be assigned for defendants with seven or more criminal history points from two to one. *Id.* The Sentencing Commission made Part A of Amendment 821 retroactive. U.S.S.G. § 1B1.10(d).

As the Government acknowledges, Amendment 821 applies to Sadler because he received two status points. [Gov't Opp'n Br. at 3 n.1; PSR ¶ 128.] Under Amendment 821, Sadler only receives one point. U.S.S.G. Supp. App. C., Amend. 821; *see also* U.S.S.G. § 4A1.1(e). That said, the Government contends Sadler's sentencing range would not change because even after removing the additional status point that Sadler received, Sadler has thirteen points, which still places him in Criminal History Category VI. [Gov't Opp'n Br. at 3 n.1.] The Government is correct.

At sentencing, the Court found, and all parties agreed, that Sadler's 2018 New Jersey State Possession of a Controlled Dangerous Substance conviction does not qualify for a criminal history point. [Tr. 12:12 to 13.1.] But Sadler had an extra criminal history point that was not included in the initial criminal history score based on U.S.S.G. § 4A1.1(c). [PSR ¶ 127; *see also* Tr. 12:13 to 24.] So, Sadler still has twelve criminal history points before even calculating the status points. Under Amendment 821, Sadler receives only one status point, which brings his total criminal history points to thirteen. With thirteen criminal history

points, Sadler still falls into Criminal History Category VI.  U.S.S.G. ch. 5, pt. A (Sentencing Table).  So, Amendment 821 has not lowered his sentencing range.

What's more, even if Amendment 821 lowered Sadler's criminal history points so that he falls into Criminal History Category V, this Court cannot reduce his sentence below the one already imposed.  U.S.S.G. § 1B1.10(b)(2)(A) (explaining courts cannot reduce a sentence under 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range").  Indeed, "[f]or purposes of a motion for a sentence reduction, the applicable guideline range is the pre-departure, pre-variance range calculated by the court at sentencing." *United States v. Hill*, 674 F. App'x 738 (9th Cir. 2017) (citing U.S.S.G. § 1B1.10 cmt. n.1(A)).  Even if Amendment 821 lowers his Criminal History Category to V, Sadler's amended guideline sentencing range would be 168 to 210 months, given the original offense level of 31.  U.S.S.G. ch. 5, pt. A.  Sadler's original 130-month sentence is below that amended guideline range, and therefore, this Court cannot reduce his sentence.  U.S.S.G. § 1B1.10(b)(2)(A).  Thus, the Court must deny Sadler's motion for a sentence reduction.  *United States v. Baley*, 2024 WL 453613, at *3 (E.D. Pa. Feb. 6, 2024) (denying defendant's motion for a sentence reduction where defendant's actual sentence was lower than amended guideline range even after applying Amendment 821); *accord United States v. Solorio*, 2025 WL 2807769, at *2 (S.D. Cal. Oct. 2, 2025) (same); *see generally* U.S.S.G. § 1B1.10 cmt. n.3.

### C.  The § 3553(a) Factors

Lastly, even if the Court could lower Sadler's sentence, the § 3553(a) factors that this Court must consider counsel against it.  18 U.S.C. § 3582(c)(2).  "Those factors include, among other things, 'the history and characteristics of the defendant,' 18 U.S.C. § 3553(a)(1), and 'the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote

respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct,' *id.* § 3553(a)(2)(A)–(B)." *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (alterations in original).

Start with the need for the sentence imposed factor. For eleven months, Sadler sold large quantities of heroin on the streets of Camden while working as a set worker for a drug-trafficking organization. [PSR ¶¶ 67-69.] And at one point, when another drug-trafficker could not make his shift, Sadler stepped up to "shift manager" for the organization, working with other traffickers to ensure heroin continued to flow on the streets. [*Id.* ¶ 68.] Sadler agreed that during those eleven months, he and the organization conspired to distribute more than one but less than three kilograms of heroin. [Stipulations ¶ 2.] The Court found the amount of drugs that were involved to be "staggering[.]" [Tr. 55:1 to 2.] Sadler's offense was serious and justified the sentence imposed. *See United States v. Strothers*, 2024 WL 493281, at *5 (W.D. Pa. Feb. 8, 2024) (denying motion for sentence reduction even though Amendment 821 applied because the § 3553(a) factors did not support a sentence reduction, reasoning "[d]efendant's drug trafficking activity involving fentanyl and crack cocaine can produce horrible consequences for individuals who become addicted to these drugs, thereby creating a significant danger to the community").

Worse, Sadler joined that drug-trafficking organization on the heels of juvenile adjudications that resulted in his confinement. [PSR ¶¶ 123-24.] And Sadler was on probation at the time he joined the drug-trafficking organization and started selling heroin. [PSR ¶¶ 125-26.] Thus, the sentence imposed reflects the seriousness of the offense, the need for deterrence, and the need to protect the public.

Sadler's history and characteristics are troubling.  At sentencing, this Court was aghast at Sadler's criminal history given his age, explaining, "it's hard to envision the criminal record that you, at such a young age, have."  [Tr. 50:24 to 21:2.]  The Court noted that Sadler's criminal history, coupled with his violations of probation, suggested he took advantage of other courts' leniency.  [*Id.* at 55:6 to 10.]  That said, the Court found the § 3553(a) factors did not support an advisory guideline sentence and gave Sadler "a break."  [*Id.* at 56:18 to 21, 57:21 to 23.]  This Court varied down, shaving almost five-years off the advisory guideline sentence by sentencing Sadler to 130 months.  [*Id.* at 57:23 to 58:10.]  Given this Court's earlier leniency, the § 3553(a) factors do not support a sentence reduction.  *See United States v. Ruffin*, 978 F.3d 1000, 1008-09 (6th Cir. 2020) (finding § 3553(a) factors did not support a sentence reduction where, among other things, the district court "had already varied downward by five years from [defendant's] guidelines range when imposing that lengthy sentence").

While Sadler's post-incarceration rehabilitative efforts are commendable (taking courses, learning the law, and working, *see* Sadler Reply Br. at 4-5, Ex. 1), and this Court encourages Sadler to keep improving himself, courts are not required to reduce a sentence upon a mere showing of post-incarceration rehabilitation.  *See Pepper v. United States*, 562 U.S. 476, 505 n.17 (2011) ("Of course, we do not mean to imply that a district court must reduce a defendant's sentence upon any showing of postsentencing rehabilitation.").  Courts may consider such rehabilitation "because it is highly relevant to several of the § 3553(a) factors[.]" *Id.* at 491.  Even considering Sadler's rehabilitation, the § 3553(a) factors still weigh heavily against a sentence reduction.  *United States v. Cherisme*, 2025 WL 2092229, at *4 (D.N.J. July 25, 2025) (denying motion for sentence reduction even where Amendment 821 applied,

reasoning that "any rehabilitation done by Defendant [is] outweighed by the 3553(a) factors weighing against a reduction in sentence"); *see also United States v. Lewis*, 2024 WL 3414245, at *6 (W.D. Pa. July 15, 2024) (denying motion for sentence reduction despite defendant's "laudable post-sentencing conduct" because the § 3553(a) factors did not support a sentence reduction).

To conclude, reducing Sadler's sentence would not reflect the seriousness of his conduct, promote respect for the law, protect the public, and deter Sadler from reoffending. Thus, the § 3553(a) factors do not support a sentence reduction.

## III. CONCLUSION

For the above reasons, the Court **DENIES** Defendant Naeem Sadler's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).[4]    [Docket Nos. 46, 47, 49.]    An accompanying Order of today's date shall issue.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

Dated: November 10, 2025

---

[4] Because Sadler's motion for a sentence reduction lacks merit, the Court denies his request to appoint counsel. *United States v. Thomas*, 2025 WL 2300921, at *6 (D.N.J. Aug. 11, 2025) (collecting cases denying motion to appoint counsel); *see also United States v. Jarmon*, 2025 WL 40854, at *1 (3d Cir. Jan. 7, 2025) (summarily affirming district court's order denying appointment of counsel in connection with motion for sentence reduction where defendant was not eligible for a sentence reduction).